IN THE 4th JUDICIAL CIRCUIT COURT in and for Clay County, Florida

Walter Cary
Defendant

v

State of Florida
Plaintiff

Case # 3:22-cv-252-TJCLLL

FILED 2022 MAR -8 AM 11:10 CLERK US DISTRICT COURT MIDDLE DISTRICT OF FL JACKSONVILLE FLORIDA

## §1983 COMPLAINT

Comes now the Defendant, Walter Cary, pro se, to request from this Honorable Court a summary hearing and/or ruling on the subsequent facts and statements of LAW:

1.) I was offered, and summarily refused the services of the Public Defender's Office or ANY assigned counsel at initial booking, to proceed pro se.

2.) A probable cause determination has, as yet, NOT been made to the knowledge of this Defendant in writing and signed by a judge and filed together with the evidence of such probable cause, with the Clerk of the Court having jurisdiction of the offense for which the pro se/pro per Defendant is charged. Fla. R. Crim. P. 3.133(a)

3.) Pro se Defendant, Walter Cary, has at NO time been notified of formal charges being filed in this case for over 40 days. "In NO EVENT shall any defendants remain in custody beyond 40 days unless formally charged Fla. R. Crim. P. 3.134(2).

1.

4.) No service of Formal Charges, service of erroneous charges for fraudulent counsel assignment, and no notification from a judge in writing of probable cause. Fla. Stat. §559.730 "Failure to maintain, preserve and keep available for examination ALL books, accounts or other documents required by this part and the rules of the Commission.

5.) Mr. Cary hereby requests an Adversary Preliminary Hearing, to secure the attendance of witnesses, -AND- the subsequent filing of Formal Charges SHALL NOT ELIMINATE a defendant's entitlement to this proceeding.

6.) Pro se/Pro per Defendant, Walter Cary has, as yet, NOT been arraigned and hereby refuses to waive His Constitutional Right to arraignment under the Due Process Clause. Fla. R. Crim. P. 3.160

7.) Mr. Cary pro se/pro per has been denied any access to a LAW Library, has had his legal mail opened and received no recreation for nearly two months of pre-trial detention.
Violation of Due Process and the Florida Rules of Administration.

2.

8.) When the Clay County Sheriff and 330 Clay County Florida Commissioners assign a public attorney to a pretrial detainee's defense despite refusal of these services by said detainee and then consequently withold notification on that basis followed by monetary charges levied on pro se defendant for services rendered, it is a direct violation of Fla. Stat. § Title XXXIII, Chapter 559.730(b) Fraud, misrepresentation, deceit, negligence or incompetance in a collection transaction §559.730(c) Culpable Negligence and/or breach of trust in a business transaction. -AND- §559.730(i) A material mistatement or omission of fact on an INITIAL or amended registration application.

9.) Mr. Cary has NOT received a copy of the initial arrest report nor statement of facts and NO notification of arraignment court date or even the case number. Further violations of His Constitutional Right to Due Process.

## CONCLUSION

THEREFORE, of these multiple procedural discrepencies any one of them would nullify the validity of charges, but as a whole they are ample reason for this Honorable Court to release Mr. Cary Forthwith.

3.

IN THE 4th Judicial Circuit Court in and for CLAY COUNTY, FLORIDA

Chris Coldiron Jail Director of the Clay County Detention Facility -AND- 330 for MCP CLAY COUNTY FLORIDA COMMISSIONERS
<u>Respondents</u>

Vs.

Walter Cary, Douglas Lofton, Jesse Scott, Donald Meek, Jonathan Nelson, Edward Fleck -AND- Michael Coldgo, James Rice, Christopher Enloe, Landon Hood, Nicholas Lgunikitis Peter Neckolas Della-Penna
<u>Petitioners</u>

**NOTICE OF INTENT TO SUE**

## MOTION FOR INJUNCTIVE RELIEF, and/or (WRIT of Mandamus)

Come now the Petitioners to request from this Honorable Court an Injunction against the above named Respondents for relief from the violations of Constitutional Rights, Human Rights and Florida State Administrative Dictates:

1.) Access to a LAW Library to assist in one's own defense, Due Process Clause.

2.) Cease and desist the opening of legal mail.

3.) To allow a minimum of 3 hours of recreation per week, (<u>MINIMUM</u>) - WHEREAS SUNLIGHT is A KNOWN FACTOR IN STRENGTHENING IMMUNITY.

4.

# OATH Fla. Statute §9.525

I the undersigned Clay County Jail Detainee do hereby swear and affirm under the penalty of perjury that I have been denied access to a LAW Library, that my legal mail is being opened. and I have not been offered nor received recreation for over two months SO HELP ME GOD.

| PRINT NAME | SIGN | ID# |
|---|---|---|
| Walter Cary | [signature] | 593754 |
| Douglas Lofton | [signature] | 161107 |
| Jesse Scott | Jesse D. Scott | 752695 |
| Donald Meek | [signature] | 29003 |
| Jonathan Nelson | [signature] | #79244 |
| Edward Fleck | [signature] | #78831 |
| Michael Coldgo | [signature] | #162537 |
| James Rice | [signature] | 10223 |
| Christopher Enloe | Christopher Enloe | 747890 |
| Landon Hood | [signature] | 579224 |
| Nicholas Launikitis | Nicholas Launikitis | 356266 |
| Peter Neckolas Della-Penna | [signature] | #419220 |

## Certificate of Service

We the Petitioners, certify that a copy of this intent to sue notification has been sent to Office of Risk Mgt. 200 E. Gaines St., Tallahassee, FL -AND- The Dept of Insurance 231 E. Forsyth St, #470 Jacksonville, FL 32202 on this date 2-28-22. AND Respondents/Defendants on 2/25-22.

5.